Citation Nr: 1438759 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 07-30 191 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to service connection for a lung disability, claimed as asbestosis as a residual of asbestos exposure during service.


REPRESENTATION

Appellant represented by: Sean A. Ravin, Esq.


ATTORNEY FOR THE BOARD

Joshua Castillo, Associate Counsel



INTRODUCTION

The appeal has been advanced on the Board's docket. 38 C.F.R. § 20.900(c).
 
The Veteran served on active duty from March 1951 to February 1953 and from April 1953 to March 1959. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a March 2007 rating decision of the Los Angeles, California, Regional Office (RO) of the Department of Veterans Affairs (VA). 
 
In July 2009, the Board denied the Veteran's claim. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court).

In March 2010, on the basis of a Joint Motion, the Court vacated the Board's decision.

In August 2010, the Board remanded the case for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran seeks service connection for a lung disability which he claims is due to in-service asbestos exposure.

The Veteran could have been exposed to asbestos at some point during service. As a career engineer, the Veteran is competent to identify asbestos. Since asbestos exposure is consistent with his construction-related military occupational specialty, the Board finds no reason to question his assertion of in-service asbestos exposure, although he has not provided any particulars with respect to time and place. 

After service, the Veteran was, according to his own statements, exposed to asbestos as a welder in a shipyard for 12 years.
 
There is competing medical evidence as to whether the Veteran has carried a diagnosis of asbestosis at any time after September 2006, the date VA received the Veteran's service connection claim.

Further development is needed. See 38 U.S.C.A. § 5103A(d)(2) (West 2002); 38 C.F.R. § 3.159(c)(4)(i) (2013). 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA examination by an appropriate medical professional. The examiner must review the entire claim file, to include all electronic files. 

The examiner is to determine whether the Veteran now has a diagnosis of asbestosis or has been diagnosed with asbestosis at any time after September 2006.

If the Veteran does not have a current diagnosis of asbestosis, the examiner is to explain any conflict with medical records that appear to show a current diagnosis of asbestosis; for example, the May 15, 2008, VA treatment record.

If the Veteran has a current diagnosis of asbestosis, the examiner is to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that it is attributable to in-service asbestos exposure, notwithstanding any post-service exposure. 


The examination report must include a complete rationale for all opinions expressed. If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

2. Finally, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet.App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
RONALD W. SCHOLZ 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).